# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHULA VISTA CITIZENS FOR JOBS AND FAIR COMPETITION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DONNA NORRIS, *et al.*,<br><br>Defendants,<br><br>STATE OF CALIFORNIA<br><br>Intervenor. | CASE NO. 09cv0897 BEN (JMA)<br><br>**ORDER:<br>(1) DENYING MOTION FOR PRELIMINARY INJUNCTION;<br>(2) DENYING MOTION TO CONSOLIDATE WITH TRIAL ON THE MERITS; and (3) STAYING CASE PENDING DECISION IN *DOE v. REED*** |

Plaintiffs Chula Vista Citizens for Jobs and Fair Competition (an unincorporated association), Associated Builders & Contractors, Inc., San Diego Chapter (an association of construction-related businesses), and Lori Kneebone and Larry Breitfelder (residents and registered voters of Chula Vista, California), sought a preliminary injunction ultimately hoping to place an initiative on the ballot at a special election in December 2009, or at least at the next regular election in June 2010, in the City of Chula Vista, California.

Since the time of the filing of the preliminary injunction motion, the time for a special election has passed. Moreover, the Court takes judicial notice that Kneebone's and Breitfelder's proposed initiative will be on the ballot at the next regular City of Chula Vista election on June 8, 2010.[1] It is true that the incorporated plaintiff and the association plaintiff have not been permitted

---

[1] See public web page of Office of the City Clerk, City of Chula Vista, California, www.chulavistaca.gov/City_Services/Administrative_Services/City_Clerk/Elections/default.asp, last visited March 8, 2010.

to be official sponsors of the initiative. It is also true that these two organizational plaintiffs assert that their First Amendment political speech rights were violated as a result. However, the initiative with Kneebone and Breitfelder as sponsors will be on the ballot and the public will consider the merits of the proposed legislation. Consequently, the preliminary injunction motion is, practically speaking, moot. Plaintiffs' ancillary motion to consolidate the preliminary injunction with the trial on the merits under Fed.R.Civ.P. 65(a)(2) is denied.

The Complaint for permanent declaratory and injunctive relief would also appear to be moot, but for the exception for Constitutional injuries which are capable of being repeated while evading judicial review. *See F.E.C. v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007); *City of Herriman v. Bell*, 590 F.3d 1176, 1181-82 (10th Cir. 2010) (Tymkovich, J.); *Alaska Right to Life Committee v. Miles*, 441 F.3d 773, 779 (9th Cir. 2006) (W. Fletcher, J.) ("Election cases often fall within the 'capable of repetition, yet evading review' exception to the mootness doctrine, because the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits."); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 n. 4 (9th Cir. 2003) (W. Fletcher, J.) (same). This case fits the exception. Therefore, this case is not moot.

The Supreme Court has granted certiorari in a Ninth Circuit case which addresses many of the issues raised by Plaintiffs in this action. Oral arguments are scheduled for April 28, 2010 in the matter of *Doe v. Reed*, 586 F.3d 671 (9th Cir. 2009), *cert. granted*, Supreme Court Case No. 09-559. Consequently, this case is stayed pending a decision in *Doe v. Reed*.

In conclusion, the motion for preliminary injunction is denied as moot. The motion to consolidate the preliminary injunction motion with the trial on the merits is denied. This case is stayed.

IT IS SO ORDERED.

DATED: March 8, 2010

Hon. Roger T. Benitez
United States District Judge